# Jones *v.* White, Judge, &c. *et al.*

## *Application for Mandamus.*

1. *Mandamus; when lies to compel judge of probate and commissioners court to annul recommendation and certificate to student of medical college.*—A writ of *mandamus* will not be issued at the instance of the holder of a scholarship in the medical college at Mobile, to compel the probate judge and commissioners court of a county in which the petitioner is a citizen, to set aside and annul the recommendation and certificate issued by them to another citizen of the said county, as a suitable person to be admitted free of charge as a student at said college, under the provisions of the act of the General Assembly, incorporating said institution (Acts of 1859-1860, p. 348); and this is true, although the petitioner has not completed the course prescribed in said college and received his diploma at the time said recommendation and certificate sought to be annulled were issued.

APPEAL from the Circuit Court of Pike.

Heard before the Hon. JOHN P. HUBBARD.

The appellant in this case filed a petition addressed to Hon. John P. Hubbard, judge of the Twelfth Judicial

Circuit, asking for a writ of *mandamus*. It is averred in the petition that the Medical College of Alabama was duly incorporated under the laws of the State and located at Mobile, Alabama; that under the provisions of the act establishing said college the judge of probate and the commissioners court of each county had the right to recommend and issue a certificate to one indigent student of each county, which would entitled said student to all the benefits and advantages of medical instruction in said college; that in August, 1898, the petitioner was recommended under said act to the college and a certificate issued to him by the judge of probate and the commissioners court of Pike county for a scholarship in said college, and under said certificate he had attended said college two scholastic years, and had fully complied with all the rules and by-laws of the said college and was in good standing, had passed his examinations, and was ready to enter upon another scholastic year, which commenced October 8, 1900; that one more year would be required for the petitioner to receive his diploma from said college; that in August, 1900, the judge of probate and the commissioners court of Pike county recommended and gave a certificate of scholarship provided for by said act to one Homer S. Stallings of Pike county, and that said Stallings would apply for and receive the advantages of said college as provided for one indigent student from Pike county, unless said recommendation and certificate be set aside and annulled. It was then averred in the petition "that under the provision of the 7th section of said act the probate judge and commissioners court of said county had no right or power to recommend and certify said Stallings to a scholarship in said college until your petitioner has been granted his diploma of graduation from said college, or has been dismissed for a violation of the rules and by-laws of the same, neither of which events has happened."

The petitioner then averred that when said Stallings received the certificate and was recommended by the judge of probate and the commissioners court, that he, the petitioner, notified the probate judge and the commissioners court that it would require him one more

year to complete his course at said college; that he was still unable to pay his charges, and that he was in good standing at said college and had complied with all the rules and by-laws of the same, and asked that he be retained in said college one year more. But that notwithstanding these facts, said Stallings was recommended and certified to a scholarship by the probate judge and commissioners court of Pike county.

The prayer of the petition was that a writ of *mandamus* be issued to compel the judge of probate and the commissioners court of Pike county to set aside and annul the recommendation and certificate issued by them to said Stallings. Upon the hearing of the petition, the circuit judge refused to grant the peremptory writ of *mandamus* and ordered the petition dismissed. From this judgment the petitioner appeals, and assigns the rendition thereof as error.

M. N. CARLISLE, for appellant, cited Acts of 1859-1860, p. 349; *Withers v. State,* 36 Ala. 252; High on Extraordinary Legal Remedies, §§ 67, 68; *Ex parte Diggs,* 52 Ala. 381; *Ex parte Wiley,* 54 Ala. 226; *Med. & Surg. So. v. Weatherly,* 75 Ala. 248; *Ex parte Lusk,* 82 Ala. 519.

D. A. BAKER, *contra,* cited Acts of 1859-1860, p. 348; *Taylor v. Kolb,* 100 Ala. 603; *Hoole v. Kinkead,* 16 Nev. 217; 14 Am. & Eng. Ency. Law, 99, notes.

TYSON, J.—This appeal is prosecuted from a judgment denying to appellant a writ of *mandamus* to compel the probate judge and the commissioners' court of Pike county to set aside and annul the recommendation and certificate issued by them to one Stallings as a suitable person to be admitted free of charge as a student into the Medical College at Mobile under the provisions of the act of the General Assembly incorporating that institution.—Acts, 1859-60, p. 348.

In the petition for the writ it is averred that Stallings by virtue of the recommendation and certificate issued to him, will apply for and receive the benefits and advantages conferred by section 7 of said act, unless the

[Sterrett v. Davie.]

recommendation and certificate be annulled. It is also averred that the recommendation and certificate to Stallings is void for want of authority in the probate judge and commissioners' court to make them.

The contention is that by the action of the probate judge and commissioners' court in awarding the certificate to Stallings, the petitioner is dispossessed of a valuable franchise. Conceding this, without deciding it, it by no means follows that there was error in refusing the writ.

In the first place, if the action of the probate judge and commissioners' court was without authority of law, as averred, it could confer no right upon Stallings nor deprive the petitioner of any right. In the second place, it is clear that the purpose of this proceeding is to strike down the authority under which Stallings claims the right to enjoy the privileges conferred by the act—a right quite as valuable to him as to the petitioner—and this, too, without giving him an opportunity to be heard.

It is clear to us, whatever may be the construction of the act under which the petitioner claims to derive his rights, if he has any, that he is not entitled to the remedy here sought to enforce them.

Affirmed.